IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 13, 2010 Session

## JEAN HENSLEY v. ROBERT CERZA ET AL.

**Appeal from the Circuit Court for Putnam County**
**No. 06N0166     John J. Maddux, Jr., Judge**

**No. M2009-01860-COA-R3-CV - Filed August 25, 2010**

FRANK G. CLEMENT, JR., J., concurring.

I concur with the result reached by the majority; however, I respectfully disagree with the conclusion that the trial court erred in excluding the proferred opinion testimony of two lay witnesses, Lisa Poe, a registered nurse, and Jimmy Brock, a surgical technician.

As the majority correctly states, Tenn. R. Evid. 701(a) permits the admission of opinions by lay witnesses in certain circumstances. Even when the witness is not testifying as an expert, the witness may testify in "the form of opinions or inferences" *provided* it is limited to opinions or inferences that are: "(1) rationally based on the perception of the witness *and* (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." *Id*. (emphasis added). I acknowledge the proferred opinion testimony was based on the perception of the witnesses; however, I have concluded the trial court did not err by excluding the proferred evidence because the lay opinions and perceptions would not be helpful to a clear understanding of the witnesses' testimony or a determination of whether Dr. Cerza deviated from the standard of care. Moreover, the trial court admitted into evidence testimony of both witnesses that was sufficient to convey their relevant perceptions, that Dr. Cerza's hands turned "white" due to his strong grip – "his fingertips and hands seemed to get white more than what they should have when you're inserting a tube" – and he appeared to use an unusually high degree of force to insert the tube into Ms. Hensley's trachea.

Furthermore, our review of the correctness of the trial court's decision to exclude the proferred evidence is based on a very deferential standard of review, a standard that does not permit this court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). This court reviews evidentiary decisions under the abuse of discretion standard pursuant to which is as follows:

[A] trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge*, 42 S.W.3d at 85 (internal citations omitted).

I submit that reasonable minds could disagree as to the propriety of the decisions made by the trial court. I also submit the record is not sufficient to convince me the trial court applied the wrong legal standard. Admittedly, the trial court made reference to Tenn. R. Evid. 702 when it noted a lay witness could not render an expert opinion, and this is a correct statement of the law. However, unlike the majority, I do not believe this reference clearly indicates the trial court only considered Rule 702 to the exclusion of Tenn. R. Evid. 701(a). It would have been preferable had the trial court also noted Rule 701(a), nevertheless, its failure to make an expressed reference does not lead me to conclude that Rule 701(a) was not applied in reaching the decision to exclude a portion of the two lay witnesses' opinions that were based on their perceptions or inferences.

The foregoing notwithstanding, I agree with the majority that, if the decisions to exclude the proferred evidence were error, they did not constitute reversible error. Accordingly, I concur in the decision to affirm the judgment of the trial court.

_____
FRANK G. CLEMENT, JR., JUDGE